KATE LIEBER, RESPONDENT, v. AMERICAN NATIONAL BANK, APPELLANT.

Submitted December 6, 1917—Decided March 6, 1918.

While executory contracts of suretyship are not enforceable against married women, executed contracts cannot be rescinded by them on the ground of coverture. Consequently, where a married woman assigned her savings account books to a bank, as security for loans made by the bank to her husband, her coverture will not justify an avoidance of the contract.

On appeal from the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the appellant, *Wolber & Blake.*

For the respondent, *Edward Schoen.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This was an action by the plaintiff, Kate Lieber, a depositor in the savings department of the defendant company, to recover from it the sum of $1,880.22, moneys on deposit in two savings accounts, evidenced by pass-books issued to her by the bank. The defendant, while admitting that this sum was on deposit with it, denied the right of the plaintiff to compel its payment to her, for the reason that she had assigned the pass-books just mentioned to the bank, as security for the payment of two notes discounted by it for her. At the time this suit was instituted the notes were not yet due. The plaintiff's reply to this claim was, first, a denial that she had ever assigned the pass-books to the defendant to secure the payment of the notes referred to; and, further, that, conceding she had done so, the assignment was invalid, for the reason that the notes which the assignment was made to secure were those of her husband; that she

received no benefit from the transaction, and, consequently, was within the protection of the Married Woman's act.

The trial resulted in a verdict in favor of the plaintiff for the full amount of her claim, and the defendant appeals from the judgment entered thereon.

The appellant submits several grounds of appeal, only one of which, however, we find it necessary to consider, and that is the refusal of the court to charge the following request: "If you decide that the plaintiff left the two savings account books with the cashier of the American National Bank as security for loans made by the bank to her husband, the jury must bring in a verdict for the defendant." The court charged this request with the modification that the legal proposition contained in it was sound, provided Mrs. Lieber got any value on the faith of the transaction; that if she did, the transaction was good, and the bank's title was good, but otherwise not. We think the appellant was entitled to have the request charged as it was submitted, and without modification or qualification. The present suit is not based on a repudiation by Mrs. Lieber of an executory contract made solely for the benefit of her husband, and, therefore, voidable under the Married Woman's act, but upon the alleged right to revoke an executed contract by which she had assigned to the defendant her separate property as collateral security for the payment of her husband's debt. As was said by the Court of Errors and Appeals, in *Warwick* v. *Lawrence,* 43 *N. J. Eq.* 179, 184: "A married woman cannot bind herself to pay the debts of another, but she can pass over her money or property for that purpose, and it cannot reasonably be contended that after the doing of that act she can at will avoid it." In other words, that while executory contracts of suretyship are not enforceable against married women, executed contracts cannot be rescinded by them. To the same effect is *Shipman* v. *Lord,* 58 *Id.* 380, in which it was held that an assignment of her property made by a married woman to secure another's debt, being an executed contract of suretyship, cannot be rescinded by her.

For refusing to charge the request submitted, therefore, the judgment under review will be reversed.